BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative*
*Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>     Plaintiff,<br><br> vs.<br><br>QUANTUM LEARNING NETWORK, INC., a corporation, doing business as SuperCamp; and DOES 1-50,<br><br>     Defendants. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. **Failure to Pay Wages for All Time Worked at Minimum Wage Rate in Violation of Fair Labor Standards Act, 29 U.S.C. § 206**<br><br>2. **Failure to Pay Overtime Wages for Daily Overtime and All Time Worked in Violation of Fair Labor Standards Act, 29 U.S.C. § 207**<br><br>3. **Failure to Pay Wages for All Time Worked at Minimum Wage Rate, in Violation of California Labor Code §§ 1194 and 1197, and IWC Wage Order(s).**<br><br>4. **Failure to Pay Overtime Wages for Daily Overtime and All Time Worked, in Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s).** |

5.  **Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226**

6.  **Failure to Provide and/or Authorize Meal and Rest Periods or Pay Meal or Rest Period Premium Wages in Violation of California Labor Code §§ 512 and 226.7, and IWC Wage Order(s)**

7.  **Failure to Compensate for All Hours Worked in Violation of California Labor Code §§ 221 and 223, and IWC Wage Order(s)**

8.  **Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of California Labor Code §§ 201-203**

9.  **Violation of Cal. Business and Professions Code § 17200, *et seq.***

## I.  PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Individual and Representative Plaintiff Trevor Johnson on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members were or are employed by Defendant Quantum Learning Network, Inc. ("QLN") as Team Leaders for QLN's SuperCamp academic camp programs located in California and across the United States.

2.     As Team Leaders, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage-and-hour laws, and should have been classified as such and received a minimum wage and overtime

pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      The Collective Class is made of all persons who are or have been employed by Defendants as Team Leaders in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.      The California Class is made up of all persons who are or have been employed by Defendants as Team Leaders in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5.      During the Collective Class Period and the California Class Period, Defendants failed to pay the applicable minimum wage or appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law.

6.      Plaintiff seeks relief for the Collective Class pursuant to the Fair Labor Standards Act to remedy Defendants' failure to pay the applicable minimum wage or pay appropriate overtime compensation, in addition to restitutionary relief.

7.      Plaintiff seeks relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy Defendants' failure to:  pay the applicable minimum wage, pay appropriate overtime compensation, provide or authorize meal and rest periods or pay meal and rest period premium wages, and maintain accurate time records, failing to correct all of the foregoing deficiencies and pay all wages due upon employees' termination, in addition to restitutionary and injunctive relief.

CLASS AND COLLECTIVE ACTION COMPLAINT

## II.   THE PARTIES

8.   Individual and representative Plaintiff Trevor Johnson resides in Monterey County, California. He was hired by QLN in or around May 2015, as a Team Leader for SuperCamp 2015, to work at the Stanford University site in Palo Alto, California. Plaintiff Johnson worked as a Team Leader from June 22, 2015, through July 31, 2015. Plaintiff Johnson brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Johnson is attached as Exhibit A.

9.   Upon information and belief, Defendant Quantum Learning Network, Inc., doing business as SuperCamp, is a California Corporation with its principal place of business in Oceanside, San Diego County, California, that does business in many states throughout the United States, including California.

10.   Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiff and the Class Members herein alleged were proximately caused by such Doe Defendants.

11.   Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the Defendant QLN and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to Defendant QLN.

### III.   JURISDICTION AND VENUE

12.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

13.   This Court has personal jurisdiction over this matter because Defendants, presently and at all times relevant to this action, have conducted substantial and continuous commercial activities in the Northern District of California and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

14.   Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.   DESCRIPTION OF ILLEGAL PAY PRACTICES

15.   Defendant Quantum Learning Network, Inc. operates SuperCamp, which it describes as "the original academic, life and career skills camp." Each SuperCamp is a ten-day residential academic program that promises to teach teens study skills, confidence, and motivation. The program consists of classroom instruction on topics such as note taking and time management, confidence and team-building exercises, and occasional activities such as campus tours or sports. QLN runs such camp programs for age groups ranging from middle school to college. The camp programs are housed on various university campuses, including Stanford University, Loyola Marymount University, and California State University San Marcos in California, Villanova University in Pennsylvania, and Wake Forest University in North Carolina. QLN also operates SuperCamp programs internationally.

CLASS AND COLLECTIVE ACTION COMPLAINT

16.    Defendants hire Team Leaders for their SuperCamp programs to serve dual roles as teaching assistants and around-the-clock childcare providers. Defendants require their Team Leaders to have completed at least one year of college in any subject and prefer them to have experience working with children, but do not require any teaching certification or academic training in teaching. Defendants assign pairs of Team Leaders to supervise a group of ten to fourteen students on a 24-hour basis during the course of each ten-day academic program.

17.    On information and belief, during each ten-day SuperCamp program, Defendants required Plaintiff and all Team Leaders to work over fifteen hours each day, and further required their on-call availability on a 24-hour basis during that period. In that regard, Defendants required Team Leaders to wake up in the middle of the night when issues with students arose. Moreover, Defendants required all Team Leaders to attend a full-day staff training prior to each camp program and to work an approximately twelve-hour cleanup day following each camp program. Defendants then compensated Team Leaders with a meager per-camp program stipend of $425 (in 2015) that grossly failed to meet the required minimum wage for the total number of hours worked under federal and state law.

18.    In addition, at the beginning of each summer, Defendants required all Team Leaders to attend a multiple-day staff training, for which no compensation was paid.

19.    Defendants did not provide Team Leaders with itemized wage statements detailing the hours worked by each Team Leader, and, on information and belief, did not track or record the hours worked by each Team Leader.

20.    On information and belief, Defendants did not provide Team Leaders with appropriate meal breaks (or pay meal break premiums), because Defendants required Team Leaders to supervise students during all meals. Similarly, Defendants did not provide Team Leaders with lawful rest breaks.

21.     Defendants provided Team Leaders with lodging and at least some meals in the same college dorms as camp program students so that they could monitor students during meals and around the clock; however, Defendants did not deduct the value of any meals or lodging on Team Leaders' paychecks or make any notations in that regard. Moreover, on information and belief, Team Leaders did not enter into any agreement with Defendants to receive reduced wages in exchange for meals and lodging.

22.     Team Leaders have little or no role in developing the Supercamp curriculum, setting the daily schedule for Supercamp programs, or designing activities for students during the ten-day academic program. Team Leaders thus exercise little or no discretion or independent judgment in creating the SuperCamp experience.

23.     Team Leaders require no professional credentials and do not manage any other employees. Their role, at its most basic level, is to provide around-the-clock supervision to ensure SuperCamp students: attend all required classes and activities, behave appropriately and do not cause disruptions, and do not wander off or become injured.

24.     Team Leaders perform no sales, *i.e.*, generate no new business for Defendants by attracting new students. Instead, Team Leaders supervise and monitor the students which Defendants assign to their care.

25.     Upon information and belief, Defendants advise Team Leaders who inquire as to SuperCamp's compensation policies that, as "camp counselors," they are exempted from federal and state minimum wage and overtime pay requirements. Although narrow exemptions for "organized camps" exist under federal and state law, those exemptions pertain to traditional summer camps that provide a range of recreational opportunities in a rustic, outdoor setting, not to an academic program housed indoors on a university campus. Upon information and

CLASS AND COLLECTIVE ACTION COMPLAINT

belief, SuperCamp students spend over ninety percent of their camp program time indoors, primarily in a classroom setting. For those reasons, among others, QLN's SuperCamp Team Leaders do not fit any of the narrow exemptions to the minimum wage and overtime pay requirements of federal and state law due to any provision for "camp counselors."

26.    SuperCamp similarly does not qualify for any exemption from wage-and-hour laws which applies to recreational establishments, because Defendants do not own or operate any facilities used for SuperCamp's academic programs (instead, Defendants rent facilities from various universities) and because Supercamp's purpose is to provide students training in academic skills, not to offer them recreational activities.

27.    Defendants advertise that their Team Leaders live in the same residence halls as students where Team Leaders provide students with 24-hour guidance.

28.    Based on those representations to parents, upon information and belief, Defendants charge parents several thousand dollars in tuition for each student to attend a ten-day SuperCamp program, all while Defendants willfully exploit their Team Leaders by denying them payment of the minimum wages and overtime compensation they earned by supervising students on a 24-hour basis.

## V.    COLLECTIVE ACTION ALLEGATIONS

29.    Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:**    All persons who are or have been employed by Defendants as Team Leaders, and any other employee performing the same or similar duties for Defendants, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

CLASS AND COLLECTIVE ACTION COMPLAINT

30.    Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work without receiving the applicable minimum wage.

31.    Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

32.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

33.    Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required payment of the minimum wage and overtime pay. Defendants have operated under a scheme to deprive these employees of the minimum wage and appropriate overtime compensation by failing to properly compensate them for all hours worked.

34.    Upon information and belief, Defendants misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state minimum wage and overtime laws. Defendants misrepresented to Team Leaders that they were "exempt" as "camp counselors" and therefore were not entitled to payment of a minimum wage for all hours worked or overtime pay for hours worked in excess of forty a week.

35.    Plaintiff and the Collective Class members are not excluded from the FLSA's coverage under the narrow "organized camp" or "recreational establishment" exemptions, 29 U.S.C. § 213(3)(a), because SuperCamp is not a traditional camp that provides recreational activities in a rustic, outdoor setting.

36.    None of the other narrow FLSA exemptions apply to Plaintiff and the Collective Class members, either.

37.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

CLASS AND COLLECTIVE ACTION COMPLAINT

38.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## VI.    CALIFORNIA CLASS ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:**  All persons who are or have been employed by Defendants as Team Leaders and any other employee performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

40.     Plaintiff, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

41.     Numerosity:   The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed dozens of Team Leaders who are geographically dispersed and who satisfy the definition of the Proposed California Class.

42.     Typicality:   Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Team Leaders routinely worked more than eight hours per day and more than forty hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendants' policy and practice of:

CLASS AND COLLECTIVE ACTION COMPLAINT

improperly treating and classifying these employees as "exempt" from state minimum wage and overtime laws based on the purported applicability of an exemption for "camp counselors;" misrepresenting to these employees that they were exempt from state minimum wage and overtime laws as "camp counselors;" improperly failing to pay the applicable minimum wage for all hours worked; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; failure to pay all wages due on termination; and failing to issue accurate itemized wage statements to these individuals.

43.     <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against Defendants. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

44.     <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Proposed California Class, has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

45.     <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

A.      Whether Defendants improperly classified Plaintiff and members of the Proposed California Class as exempt from

minimum wage and overtime laws based on their purported status as "camp counselors;"

B.    Whether Defendants unlawfully failed to pay the full, applicable minimum wage for all hours worked to members of the Proposed California Class in violation of state wage laws;

C.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

D.    Whether Defendants' policies and practices provided and/or authorized meal and rest periods in compliance with applicable state laws;

E.    Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

F.    Whether Defendants provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;

G.    Whether Defendants failed to pay all wages due to Plaintiff and the California Class upon termination;

H.    The proper measure of damages sustained by the Proposed California Class; and

I.    Whether Defendants' actions were "willful."

46.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest

of other individuals not party to this action, impeding their ability to protect their interests.

47.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices across multiple SuperCamp sites in California denied the Proposed California Class members the minimum wages and overtime pay and meal and rest periods to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

48.     Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

**FIRST CLAIM FOR RELIEF**

**Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Collective Class)**

49.     Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

50.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

51.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

52.     Pursuant to 29 U.S.C. § 206, Plaintiff and the Collective Class were entitled to receive at least a minimum wage of $7.25 per hour for all hours worked. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Team Leaders were and are suffered or permitted to work.

53.     During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members were paid less than the applicable minimum wage. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the applicable minimum wage for all hours worked.

54.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

55.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

56.     Pursuant to 29 U.S.C. §§ 206(a)(1) and 216(b), Plaintiff and other FLSA Collective Action Members are entitled to recover the full amount of unpaid

minimum wages, liquidated damages, interest thereon, reasonable attorneys' fees, and costs of suit.

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

<u>**SECOND CLAIM FOR RELIEF**</u>

**Failure to Pay Overtime Compensation in Violation**

**of the Fair Labor Standards Act**

**(On Behalf of Plaintiff and the Collective Class)**

58.     Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

59.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

60.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

61.     The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Team Leaders were and are suffered or permitted to work.

62.   During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

63.   As a result of Defendants' willful and unlawful conduct, Plaintiff and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

64.   By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

65.   Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and the Collective Class are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

66.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

### THIRD CLAIM FOR RELIEF

**Failure to Pay Minimum Wage in Violation of California Law**

**(On Behalf of Plaintiff and the California Class)**

67.   Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

68.     At all relevant times herein, IWC Wage Order No. 5 (8 C.C.R. § 11050) and California Labor Code §§ 1194 and 1197 required Defendants to pay Plaintiff and the California Class wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the Team Leaders earned the wages. Section 4(A) of the Wage Order provides that employees must be paid no less than $8.00 per hour for all hours worked after January 1, 2008, and $9.00 per hour for all hours worked after July 1, 2014.

69.     Defendants' payroll policies and procedures required Plaintiff and the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control. As a result of Defendants' unlawful conduct, California Plaintiffs and members of the California Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

70.     180. Pursuant to California Labor Code Section 1194, Plaintiff and members of the California Class are entitled to recover unpaid minimum wage, interest thereon, and attorney's fees and costs.

71.     Pursuant to California Labor Code Section 1194.2(a), Plaintiffs and the California Class are entitled to recover liquidated damages in the amount of their unpaid minimum wages.

## FOURTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of California Law

### (On Behalf of Plaintiff and the California Class)

72.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

73.     At all relevant times herein, IWC Wage Order No. 5 (8 C.C.R. § 11050) and California Labor Code § 510 required Defendants to pay Plaintiff and the California Class overtime premiums for hours worked in excess of eight in a

given workday, forty in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

74.    Defendants' payroll policies and procedures required Plaintiff and the California Class to be subject to the control of Defendants in excess of eight hours per workday and in excess of forty hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 5 (8 C.C.R. § 11050) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation.

75.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount subject to proof, plus damages, interest, attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### Failure to Provide Accurate Itemized Wage Statements
### (On Behalf of Plaintiff and the California Class)

76.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

77.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual

damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

78.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* Plaintiff and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(h), Plaintiff is also entitled to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

### SIXTH CLAIM FOR RELIEF

**Failure to Provide Rest Breaks and Meal Periods**

**(On Behalf of Plaintiff and the California Class)**

79.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the proceeding paragraphs.

80.     California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, or for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

81.     Section 11 of Wage Order No. 5 provides (and at all times relevant hereto provided) in relevant part that:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

82.    Section 12 of Wage Order No. 5 provides (and at all times relevant hereto provided) in relevant part that:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

CLASS AND COLLECTIVE ACTION COMPLAINT

83.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

84.     Defendants failed to provide Plaintiff and California Class members with meal periods as required by law, because Defendants required Team Leaders to be "on duty" supervising students during all meals. Nor did Defendants, upon information and belief, obtain Plaintiff and the California Class written members' agreement to an on-the-job "on duty" meal period, and the nature of their work did not prohibit off-duty meal periods, had Defendants scheduled adequate coverage. Defendants further failed to authorize and permit Plaintiff and the California Class to take rest periods as required by law.

85.     Plaintiff and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Class are entitled to attorneys' fees and costs.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**Failure to Compensate for All Hours Worked**

**(On Behalf of Plaintiff and the California Class)**

86.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

87.     Defendants routinely required Plaintiff and California Class members to work many hours at a rate well below the minimum wage, without being paid for all hours worked.

CLASS AND COLLECTIVE ACTION COMPLAINT

88.     The California Labor Code, including but not limited to §§ 221 and 223, and IWC Wage Order 5 (8 C.C.R. § 11050), require that employees be paid for all hours worked.

89.     Plaintiffs and California Class members thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, under California Labor Code § 218.5, as well as all other legal and equitable relief such as a court may find just and proper, including but not limited to an injunction prohibiting Defendants from requiring unpaid off-the-clock work.

## EIGHTH CLAIM FOR RELIEF

### Late Pay and Waiting Time Penalties

### (On Behalf of Plaintiff and the California Class)

90.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

91.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

92.     Plaintiff and other California Class members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

93.     More than thirty days have passed since Plaintiff and other California Class members left Defendants' employ.

94.     Defendants willfully failed to pay Plaintiff and the California Class the minimum wage, any overtime, or any meal or rest period premiums.

95.     As a consequence of Defendants' willful failure to timely compensate Plaintiff and California Class members for all hours worked, the Plaintiff and

California Class members whose employment ended during the Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorney's fees and costs.

## NINTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act
### (On Behalf of Plaintiff and the California Class)

96.   Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

97.   Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

98.   Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class members are entitled to:   restitution of the unpaid minimum wages, overtime earnings, and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay the applicable minimum wage, overtime and meal/rest premiums to all workers in California as defined herein; an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

## PRAYER FOR RELIEF

99.   WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective and California Classes, prays for relief against Defendants as follows:

A.   That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of

CLASS AND COLLECTIVE ACTION COMPLAINT

Civil Procedure;

B.    That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b);

C.    That Defendants are found to have violated the minimum wage, overtime, meal/rest period, itemized wage statement/time records, failure to reimburse, and failure to timely pay wages penalty provisions of the California wage laws cited above as to the California Class;

D.    That Defendants are found to have violated the minimum wage and overtime provisions of the FLSA as to Plaintiff and the Collective Class;

E.    That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

F.    That Defendants' violations as described above are found to be willful;

G.    An award to Plaintiff and the California and Collective Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

H.    That Defendants be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendants' unlawful activities, pursuant to California state law cited above;

I.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

J.    That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

CLASS AND COLLECTIVE ACTION COMPLAINT

K.      For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, and/or other applicable state laws; and

L.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED:  October 30, 2015                    **BRYAN SCHWARTZ LAW**

By: /s/ Bryan J. Schwartz

Bryan J. Schwartz (SBN 209903)

*Attorneys for Plaintiff*

CLASS AND COLLECTIVE ACTION COMPLAINT