UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TREVOR JOHNSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>QUANTUM LEARNING NETWORK, INC.,<br><br>　　　　　Defendant. | Case No. 15-CV-05013-LHK<br><br>**ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 39 |

On May 23, 2016, Plaintiffs Trevor Johnson and Samantha Harmon (collectively, "Plaintiffs") filed an unopposed motion for preliminary approval of a class and collective action settlement. ECF No. 39 ("Mot. Prelim. Approval"). The Court held a hearing on Plaintiffs' motion on August 11, 2016. Having considered Plaintiffs' motion, the arguments of counsel at the August 11, 2016 hearing, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiffs' motion for preliminary approval.

**I.　LEGAL STANDARD**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair

settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, in order to approve a class action settlement under Rule 23, a district court must conclude that the settlement is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Preliminary approval of a settlement and notice to the class is appropriate if "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation (Second) § 30.44); *see also In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014).

Settlement of a collective action claim under the Fair Labor Standards Act ("FLSA") also requires court approval. *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014); *see also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ("Most courts hold that an employee's overtime claim under FLSA is non-waivable and, therefore, cannot be settled without supervision of either the Secretary of Labor or a district court."). "When the parties seek settlement approval of [a] FLSA collective action claim before seeking certification of a collective action, courts in this circuit first consider whether certification is appropriate and then whether the proposed settlement is substantively acceptable." *Kempen v. Matheson Tri-Gas, Inc.*, 2016 WL 4073336, at *4 (N.D. Cal. Aug. 1, 2016). Similar to preliminary approval of a class action settlement, courts generally determine whether a collective action settlement is "fundamentally fair, adequate and reasonable." *Id.* at *8.

## II. DISCUSSION

The Court finds that the Settlement in the instant case suffers from several "obvious deficiencies" that preclude preliminary approval.

First, the Settlement provides that FLSA collective action members opt in to the collective action by cashing or depositing their settlement checks. ECF No. 39-2 ("Settlement"), §§ 3, 57. This opt in procedure violates the FLSA. Unlike class actions under Rule 23, putative FLSA

collective action members must opt in to the suit in order to participate and be bound by the judgment. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (comparing class and collective actions, and noting that Rule 23 class members are bound by a judgment unless they opt out of the suit). The FLSA specifies how a putative collective action member must opt in: "No employee shall be a party plaintiff to any such action unless he *gives his consent in writing* to become such a party and *such consent is filed in the court* in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). In the instant case, FLSA collective action members are not directed to give their consent in writing and have it filed with the Court. Thus, the proposed opt in procedure does not comply with the plain language of the FLSA. *See id.*; *Kempen*, 2016 WL 4073336, at *9 (rejecting preliminary approval of FLSA collective action settlement with similar opt in procedure). The parties may correct this deficiency by directing putative FLSA collective action members to send an opt in form to the Claims Administrator and having Plaintiffs file the opt in forms with the Court.

Second, the Release of claims is overly broad. As currently structured, the "California Class" includes "All SuperCamp employees who worked in California during the Class Period and were paid on a per-camp basis." Settlement § 2. These California Class Members are excluded from the "FLSA Class," which the Settlement defines as "All SuperCamp employees who worked in the United States outside of California during the Class Period." *Id.* § 3. In Plaintiffs' proposed order, Plaintiffs seek to certify the California Class only as a class action under Federal Rule of Civil Procedure 23, and the FLSA Class only as a collective action under the FLSA. Thus, members of the California Class are not part of any FLSA collective action. At the Preliminary Approval Hearing, the parties represented that this was an error in the Settlement, and that members of the California Class should be included in the FLSA Class.

Nonetheless, as currently written, the Settlement provides that the California Class Members—who are not part of any FLSA collective action—release their FLSA claims against Defendant Quantum Learning Networks, Inc. ("Defendant"). *Id.* §§ 22, 79–86. A release of FLSA claims by individuals who have not opted in to a FLSA collective action is generally

3

impermissible. *See Kakani v. Oracle Corp.*, 2007 WL 1793774, at *2–3 (N.D. Cal. June 19, 2007) ("Under no circumstances can counsel collude to take away FLSA rights including the worker's right to control his or her own claim without the burden of having to opt out of someone else's lawsuit. . . . [It] is unconscionable to try to take away the FLSA rights of *all* workers, whether or not they choose to join in affirmatively."); *Tijero v. Aaron Brothers, Inc.*, 2013 WL 60464, at *8 (N.D. Cal. Jan. 2, 2013) ("[T]he Court finds that it is contrary to [the FLSA] to bind class members to a release of FLSA claims where, as here, the members have not affirmatively elected to participate in the lawsuit by filing a written consent form.").

In addition, the Release provides:

> Even if Plaintiffs and/or any such Class Members may hereafter discover *facts in addition to or different from those which they now know* or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each of such Class Members, upon the Effective Date, shall be deemed to have and by operation of the Court's order granting final approval of the settlement set forth in this Agreement and the order of dismissal entered pursuant thereto shall have fully, finally, and forever settled and released any and all of the Released Claims. This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or *coming into existence in the future*, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, *without regard to the subsequent discovery or existence of such different or additional facts*.

Settlement § 79 (emphasis added). This language is in tension with the definition of "Released Claims," which are those claims that "were asserted in the original Complaint, the First Amended Complaint and/or the Second Amended Complaint . . . and any additional wage-and-hour claims that could have been brought based on the facts alleged in the Complaints." *Id.* § 22. Settlement § 79, by contrast, provides that class and collective action members will release claims based on "facts in addition to or different from those which they now know," including claims that are "coming into existence in the future," and without regard to the subsequent existence of "different or additional facts." *Id.* § 79. Settlement § 79 conflicts with Ninth Circuit law, which requires that, "A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action,

but *only where the released claim is based on the identical factual predicate* as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (internal quotation marks omitted); *see also McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) (denying preliminary approval where release provision would release claims unrelated to facts in the complaint). At the Preliminary Approval Hearing, the parties offered to revise Settlement § 79.

Further, the Notice should clearly explain the released claims and the scope of the Release. Currently, the Notice simply directs individuals to the settlement website without explaining the terms of the Release. *See* ECF No. 39-2 Ex. A ("Notice"), Question No. 12.

Third, the objection procedure is overly burdensome. The Settlement requires that California Class Members file any objection with the Court and serve that objection on both Class Counsel and Defense Counsel. Settlement § 69. The Court has no discretion to consider objections that do not comply with this procedure. Rather, the Settlement provides that "[a]ny objection that does not meet the requirements . . . shall not be considered by the Court." *Id.* California Class Members are not lawyers, and requiring them to comply with legal requirements such as "fil[ing]" and "serv[ing]" objections is overly burdensome. *See Jacobson v. Persolve, LLC*, 14-CV-00735-LHK, ECF No. 147 (N.D. Cal. Mar. 23, 2016) (finding similar procedure to be overly burdensome, and denying preliminary approval to settlement).

Moreover, the Settlement and the Notice are not consistent with respect to the objection procedure. Unlike the Settlement, the Notice provides that the objector must "send a letter" to the Court, Class Counsel, and Defense Counsel. *See* Notice Question No. 18. Sending a letter by mail is not necessarily the same as "fil[ing]" an objection with the Court or "serv[ing]" an objection on counsel. The Settlement and Notice should be consistent so that a Class Member wishing to object is able to do so properly.

Relatedly, the requirements for Class Members to speak at the Final Approval Hearing are overly burdensome. The Notice directs Class Members that they "may ask the Court for permission to speak at the Final Approval Fairness Hearing" by "send[ing] a letter" to the Court,

Class Counsel, and Defense Counsel. *See* Notice Question No. 22. However, Class Members should not be required to "ask the Court for permission" to speak before the Final Approval Hearing. Class Members should only be required to provide notice of their intent to appear. Moreover, Class Members who wish to speak at the Final Approval Hearing should be required to send only one notice of intent to appear instead of three.

Fourth, Plaintiffs propose to make their motion for attorney's fees public "more than 15 days in advance of the final approval hearing." Mot. Prelim. Approval at 24. However, this may leave insufficient time for Class Members to view and object to the attorney's fees motion before the end of the objection period. *See Jacobson*, 14-CV-00735-LHK, ECF No. 147 (denying preliminary approval of settlement when class members would not have the opportunity to object to the motion for attorney's fees). The parties should propose a timeline for filing the motion for attorney's fees that provides an opportunity for Class Members to object to the motion for attorney's fees. The motion for attorney's fees should be heard at the Final Approval Hearing.

Fifth, any renewed motion for preliminary approval should explain why Defendant has up to one year to make any payment into the Settlement fund.

Lastly, a number of changes should be made to the Notice, as follows:

- The Notice should be amended with respect to the opt in procedure for FLSA Class members. For example, on the first page of the Notice, the language, "You will get a payment from a class action settlement unless you timely opt-out of this case, if the Settlement receives court approval" is not true for FLSA Class members who do not opt in by filing a consent form. Conforming changes will also be required on the second page of the Notice in the "Your Legal Rights and Options in this Settlement" box, and in Questions Nos. 3, 7, 10, 12, and 14.
- On the second page of the Notice, the parties shall remove the language "Both QLN and Class Counsel encourage you to consider this to be a fair settlement." Class Members are entitled to determine for themselves whether they believe the Settlement is fair.

6
Case No. 15-CV-05013-LHK
ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE

- On the second page of the Notice, at the bottom of the page, the parties shall delete the language, "The Court will not answer any of your questions." The parties may retain the language, "Do not contact the Court directly with questions." While the Court appreciates the parties' attempt to reduce any burden on the Court, the Court will answer questions of Class Members, if possible, should Class Members contact the Court.

- The final sentence of the final paragraph of Question No. 1 is not clear. A possible clarifying change is suggested in bold: "The people who brought the suit are called Plaintiffs, and **the entity that** the suit was brought against (QLN) is the Defendant."

- In Question No. 8, the sentence should read: "QLN has agreed to create a fund of $400,000.00 to be divided among all Class Members who do not opt out of the case, and also **to be** used to pay for Plaintiffs' attorneys' fees and costs, enhancement to the named Plaintiffs, and other payments made pursuant to this settlement."

- In the final paragraph of Question No. 9, the reference to "interest and penalties" is not clear and may suggest to Class Members that they are being asked to pay interest and penalties on their Settlement payment. If possible, the parties should clarify this language.

- In Question No. 12, the parties should clarify that the second and third sentences in the first paragraph apply to individuals who are part of the Class and not those who exclude themselves from the Class.

- Question No. 18 should be revised to provide only one point of contact for mailing objections. Should the parties wish objections to be sent to the Court, the address is: Judge Koh's Case System Administrator, U.S. District Court, 280 South First Street, Room 2112, San Jose, CA 95113.

Accordingly, the Court DENIES Plaintiffs' motion for preliminary approval without

7

Case No. 15-CV-05013-LHK
ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE

1  prejudice.  Plaintiffs shall file any renewed motion for preliminary approval by August 18, 2016.

2  The hearing on any renewed motion shall be on August 29, 2016, at 1:30 p.m.

3  **IT IS SO ORDERED.**

5  Dated: August 12, 2016

_____
LUCY H. KOH
United States District Judge