BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
 logan@bryanschwartzlaw.com

*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| TREVOR JOHNSON and SAMANTHA HARMON, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>QUANTUM LEARNING NETWORK, INC., a corporation, doing business as SuperCamp; and DOES 1-50,<br><br>　　　　　　　Defendants. | Case No. 5:15-cv-05013-LHK<br><br>**NOTICE OF AMENDED MOTION AND UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES**<br><br>Complaint Filed: October 30, 2015<br><br>Date: August 29, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 8 (4th Floor) |

# AMENDED NOTICE OF MOTION AND MOTION

**TO THE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held on this Unopposed Amended Motion for Preliminary Approval of Class Action Settlement of Plaintiffs Trevor Johnson and Samantha Harmon ("Plaintiffs") regarding their proposed settlement with Defendant QLN ("QLN," together with Plaintiffs, the "Parties"). The hearing will be held on August 29, 2016, at 1:30 p.m. in the Courtroom of the Honorable Lucy H. Koh, located at 280 South First Street, San Jose, CA 95113. At the hearing, the Parties will request that the Court: (a) preliminarily approve the Settlement; (b) certify the proposed classes, for settlement purposes only; (c) name Bryan Schwartz Law as Class Counsel, and Trevor Johnson and Samantha Harmon as Class Representatives; (d) name Rust Consulting as Claims Administrator; (e) approve the Class Notice to be sent to the Settlement Class, and (f) and schedule a final approval hearing date.

The Motion is based upon the Unopposed Amended Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes and the Memorandum of Points and Authorities in support thereof; the previously filed Unopposed Motion for Preliminary Approval and supporting Memorandum (Dkt. #39); the Declaration of Bryan J. Schwartz, Esq., in support of the motion (Dkt. #39-1), and the exhibits thereto; the Supplemental Declaration of Bryan J. Schwartz, Esq., and the exhibits thereto, including the Amended Settlement Agreement and the amended proposed Class Notice; the declaration of Roberta Deporter; all other exhibits and attachments submitted in support of the Motion; any oral argument of counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider. An amended Proposed Order is submitted herewith.

Dated: August 18, 2016

                                          BRYAN SCHWARTZ LAW

                                          By: _____*/s/ Bryan J. Schwartz*_____
                                                BRYAN J. SCHWARTZ

                                                *Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

On August 11, 2016, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes came for a hearing before this Court. (Dkt. ##39, 42.) At the hearing, the Court advised that it would deny preliminary approval of the Settlement, without prejudice to the Parties filing an amended motion which addresses and seeks to remedy several concerns with the Settlement identified by the Court. (Dkt. #42.) The Court also set a hearing on the Amended Motion for August 29, 2016 at 1:30 p.m. (*Id.*) The Court subsequently issued an Order denying preliminary approval without prejudice and detailing the Court's issues for the Parties to address. (Dkt. #43.)

Subesequently, the Parties reached an agreement as to the issues raised by the Court at the hearing and, on August 18, 2016, executed the Amended Stipulation and Class Action Settlement Agreement ("Amended Settlement Agreement"), attached hereto as Exhibit 1 to the Supplemental Declaration of Bryan Schwartz.

For the reasons discussed below, and those set forth in Plaintiffs' previously filed approval motion, the Court should grant preliminary approval of the Settlement.

**II.    REVISIONS TO THE SETTLEMENT AGREEMENT AND CLASS NOTICE**

The Court has raised the following issues with regard to the Settlement Agreement, which Plaintiffs and Defendant contend that they have satisfactorily addressed by executing the Amended Settlement Agreement, including the amended proposed Class Notice: (1) the method for plaintiffs to opt-in under the Fair Labor Standards Act (FLSA); (2) the scope of the Class Members' Release; (3) the definition of the FLSA Class; (4) further explanation and the inclusion of the text of the Class Members' Release in the Class Notice; (5) the objection procedure; (6) the requirements for Class Members to be heard at the Final Approval Hearing (7) the appropriate timeframe to file and make available to Class Members a Motion for Attorney's Fees; and (8) additional requested revisions to the text of the Class Notice. These revisions are described in detail below, as well as provided in the redlined versions of the Amended Settlement Agreement

and amended proposed Class Notice attached to the Supplemental Declaration of Bryan J. Schwartz as Exhibit 2.

Finally, Defendant has provided a declaration in response to the Court's request that "any renewed motion for preliminary approval should explain why Defendant has up to one year to make any payment into the Settlement fund." (*See* Deporter Decl.)

### 1. The Method for Plaintiffs to Opt In under the Fair Labor Standards Act

The Court has ordered that the Parties' proposal for a back-of-the-check release does not satisfy the requirements of the FLSA. (Dkt. #43 at 2-3.) The Court further stated that the "Parties may correct this deficiency by directing putative FLSA collective action members to send an opt in form to the Claims Administrator and having Plaintiffs file the opt in forms with the Court." (*Id.* at 3.)

Accordingly, the Amended Settlement Agreement provides for Class Members to submit an Opt-in and Consent Form to the Claims Administrator. (*See* Schwartz Supp. Decl., Exh. 2, at ¶¶1-3, 53.) The Parties have also substantially revised the Class Notice, as directed by the Court (Dkt. #43 at 6), to conform to this opt-in procedure (*see* Schwartz Supp. Decl., Exh. 2, Exh. A). Moreover, the Parties have drafted a proposed Opt-in and Consent Form to be distributed to all Class Members along with the Class Notice, as well as a prepaid return envelope. (*See id.*; *see also id.*, Exh. 2 ¶63.) Plaintiffs have also obtained a revised estimate from Claims Administrator Rust Consulting for the additional expense of this procedure: Rust has provided a guaranteed-not-to-exceed estimate of $20,000 (as opposed to the previous estimate of $17,500). (Schwartz Supp. Decl. ¶4.)

The Parties having adopted the Court's directed opt-in procedure, the Court should determine that this procedure satisfies the FLSA and supports granting preliminary approval.

### 2. The Scope of the Class Members' Release

The Court raised concerns that the scope of the Class Members' release was overly broad and that the proposed release failed to follow Ninth Circuit requirement that absent class members may only release claims "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (2010). (*See also* Dkt.

#43 at 4-5.) In particular, the Court noted that the language in Paragraph 79 of the Settlement Agreement appeared to reference claims based on future events. (*Id.* at 5.)

In response, the Parties have agreed to delete the following language from Paragraph 79:

> Even if Plaintiffs and/or any such Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each of such Class Members, upon the Effective Date, shall be deemed to have and by operation of the Court's order granting final approval of the settlement set forth in this Agreement and the order of dismissal entered pursuant thereto shall have fully, finally, and forever settled and released any and all of the Released Claims. This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(*See* Schwartz Supp. Decl., Exh. 2, at ¶79.) The Parties have thus removed the offending langauge, and the Court should find that the release in the Amended Settlement Agreement follows the Ninth Circuit requirement that class members only release claims based on the identical factual predicate of the settled claims.

### 3. Definition of the FLSA Class

As identified by the Court at the hearing and in its Order, the Parties made a drafting error in the Agreement's definition of the FLSA Class, at Paragraph 3, which suggested that the FLSA Class did not include Class Members who worked in California. (Dkt. #43 at 3-4; *see also* Dkt. #39-2, ¶3.) The Parties have removed the phrase "outside of California" to clarify that the FLSA Class includes SuperCamp employees who worked in California and to reinforce that, as described in Paragraph 1 of the Settlement Agreement, "An individual can be a member of both the California Class and the FLSA Class." (*See* Schwartz Supp. Decl., Exh. 2, at ¶¶1, 3.) Both the Amended Settlement Agreement and proposed amended Class Notice make clear that no Class Member can receive a payment (or release FLSA claims) without sending an opt-in form to the Claims Administrator (with the exception of those Class Members who have already opted in). (*See* Schwartz Supp. Decl., Exh. 2, at ¶53 & Exh. A.)

**4. Description of Class Members' Release and Inclusion of Full Text in Class Notice**

At the hearing, the Court requested that the Parties include in the Class Notice the entire relevant text of the Class Member release provisions. The Court further ordered that the Parties provide additional explanation of those release provisions in the Class Notice. (Dkt. #43 at 5.)

Pursuant to the Court's Order, the Amended Settlement Agreement includes a proposed Class Notice which contains this additional description of the release provisions applicable to Class Members, as well as the full text of those release provisions. (*See* Schwartz Supp. Decl., Exh. 2, at Exh. A #12.)

**5. Objection Procedure**

The Court indicated that the mailing requirements for a Class Member to object to the Settlement were overly burdensome. (Dkt. #43 at 5.) Accordingly, the Parties have removed the requirement that a Class Member mail an objection Plaintiffs' Counsel and defense counsel. (*See* Schwartz Supp. Decl., Exh. 2, at Exh. A #18.) Instead, the amended proposed Class Notice requires only that the Class Member send a letter to Judge Koh's Case System Administrator should he or she wish to object to the Settlement (*see id.*), as recommended by the Court (Dkt. #43 at 7). Finally, the Parties have ensured that the Amended Settlement Agreement is consistent with the proposed amended Class Notice as to the objection procedure. (*See* Schwartz Supp. Decl., Exh. 2 ¶69.)

**6. Requirements for Class Members to be Heard at the Final Approval Hearing**

The Court stated that the Parties should not require a Class Member to request permission to speak at the hearing, but rather that the provision of advance notice to the Court would be sufficient. (Dkt. #43 at 5-6.) Therefore, the Parties have changed the Class Notice to remove any requirement that a Class Member request permission to be heard. (*See* Schwartz Supp. Decl., Exh. 2, at Exh. A #22.) In addition, the Parties have revised the Class Notice such that a Class Member need only mail such a notice to the Judge Koh's Case System Administrator (eliminating the requirement that the mailing also be sent to Plaintiffs' counsel and defense counsel) within two weeks of the Final Approval Hearing. (*See id.*)

### 7. The Appropriate Time for Plaintiffs' Counsel to File Their Motion for Attorneys' Fees and Costs

The Court indicted that Plaintiffs' proposal to submit their Motion for Attorneys' Fees and Costs within 15 days of the date of the Final Approval Hearing would not provide the Court with sufficient time to review that submission or allow Class Members sufficient opportunity to be heard as to the fee request. (Dkt. #43 at 6.) Accordingly, Plaintiffs' Counsel agrees to submit a Motion for Attorneys' Fees and Costs at least 30 days prior to the Final Approval Hearing, or at an earlier date set by the Court. Any objections by Class Members as to the fee request may then be heard at the Final Approval Hearing, consistent with the requirements set forth by this Court in *Jacobson v. Persolve, LLC*, 14-CV-00735-LHK, ECF No. 147 at 2-3 (N.D. Cal. Mar. 23, 2016). Class Members need only provide notice to the Court postmarked within two weeks of the Final Approval Hearing to be heard. (*See* Schwartz Supp. Decl., Exh. 2, at Exh. A #22.) Furthermore, as requested by the Court at the hearing, Plaintiffs' Counsel will provide with their fee petition detailed billing records and biographical information to support the market rates of each timekeeper included.

### 8. Additional Revisions to the Class Notice

Finally, the Parties have made various revisions to the Class Notice at the Court's direction. (Dkt. #43 at 6-7.) First, the Parties have revised the Notice to conform to the amended FLSA opt-in procedure. (*See generally* Schwartz Supp. Decl., Exh. 2, at Exh. A "Your Legal Rights and Options under in this Settlement" & Nos. 3, 7, 10, 12, 14.) Second, the Parties have deleted the language encouraging the Class Members to consider the Settlement to be fair. (*Id.* at 2.) Third, the Parties have also deleted the language stating that the Court will not answer questions from Class Members. (*Id.* at 3.) Fourth, the Parties have revised the final sentence of Question 1 to include the clarifying language proposed by the Court. (*Id.*, No. 1.) Fifth, the Parties have revised Question 8 as directed. (*Id.*, No. 8.) Sixth, the Parties have revised Question 9 to indicate the the characterization of 2/3 of the Settlement as income and penalties is relevant to the tax treatment of that income. (*Id.*, No. 9.) Seventh, the Parties have substantially revised Question 12 to conform to the amended opt-in procedure and in doing so have clarified the terms

of the release. (*Id.*, No. 12.) Finally, the Parties have revised Question 18 to provide only one point of contact for mailing objections and have used the address provided by the Court for such mailings. (*Id.*, No. 18.)

In sum, the Parties have sought to address all revisions to the Class Notice ordered by the Court.

## III. CONCLUSION

For the foregoing reasons, and having sought to address all issues raised by the Court at the hearing and in the Order, Plaintiffs submit that the proposed amended settlement is fair, adequate, and reasonable. Plaintiffs and their counsel believe that the proposed amended settlement is in the best interests of the Plaintiffs and the Class. Under the applicable class and collective action standards, Plaintiffs request that the Court: (a) preliminarily approve the Settlement; (b) certify the proposed classes, for settlement purposes only; (c) name Bryan Schwartz Law as Class Counsel, and Trevor Johnson and Samantha Harmon as Class Representatives; (d) name Rust Consulting as Claims Administrator; (e) approve the Class Notice to be sent to the Settlement Class, and (f) and schedule a final approval hearing date.

Dated: August 18, 2016 /s/ *Bryan J. Schwartz*
Bryan J. Schwartz
BRYAN SCHWARTZ LAW