UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TREVOR JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUANTUM LEARNING NETWORK, INC.,<br><br>    Defendant. | Case No. 15-CV-05013-LHK<br><br>**ORDER GRANTING JOINT MOTION TO SEAL**<br><br>Re: Dkt. No. 44 |

Plaintiffs Trevor Johnson and Samantha Harmon ("Plaintiffs"), along with Defendant Quantum Learning Network, Inc. ("Defendant"), jointly seek to seal portions of a declaration submitted in support of Plaintiffs' amended motion for preliminary approval of class action settlement. ECF No. 44 (motion to seal); ECF No. 45 (amended motion for preliminary approval of class action settlement). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Case No. 15-CV-05013-LHK
ORDER GRANTING JOINT MOTION TO SEAL

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79.  Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research,

2

Case No. 15-CV-05013-LHK
ORDER GRANTING JOINT MOTION TO SEAL

1  development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has

2  adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

3  trade secret may consist of any formula, pattern, device or compilation of information which is

4  used in one's business, and which gives him an opportunity to obtain an advantage over

5  competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

6  (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the

7  production of goods. . . .  It may, however, relate to the sale of goods or to other operations in the

8  business. . . ." *Id.* (ellipses in original).  In addition, the U.S. Supreme Court has recognized that

9  sealing may be justified to prevent judicial documents from being used "as sources of business

10  information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.

11  In addition, parties moving to seal documents must comply with the procedures established

12  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

13  that establishes the document is "sealable," or "privileged, protectable as a trade secret or

14  otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  "The request must be

15  narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-

16  5(d)."  *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

17  order that is narrowly tailored to seal only the sealable material" and that "lists in table format

18  each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

19  the document" that "indicate[s], by highlighting or other clear method, the portions of the

20  document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

21  In the instant case, the parties seek to seal ¶¶ 3, and 4 of the declaration of Roberta

22  DePorter ("DePorter"), which is offered in support of Plaintiffs' amended motion for preliminary

23  approval of class action settlement.  ECF No. 44.  The parties submit that there are "compelling

24  reasons" to seal the designated portions of Deporter's declaration.  *Id.* at 3; *see also In re Google*

25  *Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2016) (applying "compelling

26  reasons" standard to documents submitted with briefing on motion for class certification).  With

this standard in mind, the Court GRANTS the parties' joint motion to seal. The parties' motion is narrowly tailored and seeks to seal only the sensitive financial information of non-parties DePorter and DePorter's spouse, as well as sensitive financial information of Defendant that, if made public, could harm Defendant's business interests. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (noting that "harm [to] a litigant's competitive standing" is a "compelling reason" to seal information).

**IT IS SO ORDERED.**

Dated: August 22, 2016

_____
LUCY H. KOH
United States District Judge