UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TREVOR JOHNSON, et al., <br><br>              Plaintiffs, <br><br>      v. <br><br> QUANTUM LEARNING NETWORK, INC., <br><br>              Defendant. | Case No. 15-CV-05013-LHK <br><br> **ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 45 |

On May 23, 2016, Plaintiffs Trevor Johnson and Samantha Harmon (collectively, "Plaintiffs") filed a motion for preliminary approval of class action settlement. ECF No. 39. The Court held a hearing on Plaintiffs' motion on August 11, 2016. After the hearing, on August 12, 2016, the Court denied Plaintiffs' motion for preliminary approval without prejudice for the reasons set forth in ECF No. 43. The Court ordered Plaintiffs to file any amended motion for preliminary approval by August 18, 2016. Based on the parties' representations that the parties would be able to amend the Settlement Agreement and Notice to address the Court's concerns, the Court specially set the hearing on Plaintiffs' amended motion for August 29, 2016.

On August 18, 2016, Plaintiffs filed an amended motion for preliminary approval. ECF No. 45. The Court held a hearing on Plaintiffs' amended motion on August 29, 2016. Having

1

considered Plaintiffs' amended motion, the arguments of counsel at the August 29, 2016 hearing, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiffs' amended motion for preliminary approval.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, in order to approve a class action settlement under Rule 23, a district court must conclude that the settlement is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Preliminary approval of a settlement and notice to the class is appropriate if "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation (Second) § 30.44); *see also In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014).

Settlement of a collective action claim under the Fair Labor Standards Act ("FLSA") also requires court approval. *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014); *see also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ("Most courts hold that an employee's overtime claim under FLSA is non-waivable and, therefore, cannot be settled without supervision of either the Secretary of Labor or a district court."). "When the parties seek settlement approval of [a] FLSA collective action claim before seeking certification of a collective action, courts in this circuit first consider whether certification is appropriate and then whether the proposed settlement is substantively acceptable." *Kempen v. Matheson Tri-Gas, Inc.*, 2016 WL 4073336, at *4 (N.D. Cal. Aug. 1, 2016). Similar to preliminary approval of a class action settlement, courts generally determine whether a collective

action settlement is "fundamentally fair, adequate and reasonable." *Id.* at *8.

**II.    DISCUSSION**

The August 18, 2016 amended motion for preliminary approval adequately addresses the concerns raised in the Court's August 12, 2016 order denying preliminary approval,[1] and the Court appreciates the parties' efforts. However, the August 18, 2016 amended motion includes changes to the Amended Settlement that were not discussed at the August 11, 2016 preliminary approval hearing or in the Court's August 12, 2016 order. These changes introduce a deficiency into the Amended Settlement and unnecessary confusion into the Notice.

In particular, the parties propose an "Opt-in and Claim Form" that members of both the FLSA and California Classes must fill out in order to get payment under the Amended Settlement. Specifically, the parties amended the definition of the FLSA Class to include only individuals "who sign and return to the Claims Administrator an Opt-in and Claim Form or who otherwise file their consent to join with the Court, and who are thereby deemed under this Agreement to have 'Opted-In' to this action pursuant to the [Fair Labor Standards Act ("FLSA")], 29 U.S.C. § 201 *et seq.*" ECF No. 46-1 ("Amended Settlement"), § 3.

In addition, the parties amended the definition of the California Class to state, "To receive any payment under the Settlement, California Class Members must also timely submit to the Claims Administrator an Opt-in and Claim Form or otherwise file their consent to join with the Court." *Id.* § 2.

To the extent that the Opt-in and Claim Form permits individuals to opt in to the FLSA Class, the opt in form remedies a deficiency identified in the Court's August 12, 2016 order. In that order, the Court held that the FLSA does not permit individuals to opt in to a collective action by simply cashing a check, which was the parties' proposal in the original motion for preliminary approval filed on May 23, 2016. Instead, the Court held that members of a collective action must "give [their] consent in writing" and "such consent [must be] filed in the court." ECF No. 43, at 3

---

[1] Question 15 of the proposed Amended Notice must be updated because it still discusses the original settlement, of which preliminary approval was denied on August 12, 2016.

(quoting 29 U.S.C. § 216(b)).  The Opt-in and Claim Form satisfies these requirements, although it is more complex than necessary.  For example, the Court has approved the following language to opt in to a FLSA collective action: "I HEREBY CONSENT to be a party Plaintiff in the lawsuit *Li et al. v. A Perfect Day Franchise, Inc. et al.*, Case No. CV 10-01189 LHK, to assert claims against the defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, with respect to the work I performed for A Perfect Day Spa in the last three years."  In addition, the Court notes that the Opt-in and Claim Form uses the phrase "penalty of perjury" three times, which appears excessive.

However, the Opt-in and Claim Form appears to have additional purposes beyond permitting individuals to opt in to the FLSA Class.  These additional purposes are not clearly explained in the Amended Settlement, the Notice, or the Opt-in and Claim Form.

First, to the extent that the Opt-in and Claim Form serves as an "opt-in" form for California Class members, such a requirement is inconsistent with Federal Rule of Civil Procedure 23.  As stated above, the Amended Settlement requires California Class members to submit "an Opt-in and Claim Form or otherwise file their consent to join with the Court" in order to receive payment.  Amended Settlement § 2.  This language appears to be modeled on the requirements for opting *in* to a collective action under the FSLA, and in fact mirrors the FLSA Class definition in the Amended Settlement.  *See id.* § 3; 29 U.S.C. § 216(b).  However, the parties seek to certify the California Class only under Rule 23, *see* Proposed Order, which provides that class members are bound by a judgment unless they opt *out* of the suit, *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).  Accordingly, requiring California Class members to opt in or "file their consent to join with the Court" is inconsistent with Rule 23.  The Opt-in and Claim Form must be clarified so that it does not create an opt in procedure for the California Class.

Second, to the extent that the Opt-in and Claim Form serves as a "claim form" for the FLSA and California Classes, the Opt-in and Claim Form does not mention the California Class or the California Class claim at all.  The Opt-in and Claim Form is titled "Consent to Join Fair Labor Standards Act Settlement and Release of Claims."  ECF No. 46-1, Ex. A, at 56.  The text of the

4

Case No. 15-CV-05013-LHK
ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE

form states, in part, "I hereby give my consent to be included in this above-captioned Lawsuit for the claims under the Fair Labor Standards Act described in the Notice of Class Action Settlement." *Id.* In addition, the form states, "I agree to release and not sue or otherwise make any claim against any of the Releasees (defined below) under the Fair Labor Standards Act for any claims released under the Settlement Agreement, as follows:" and describes the release of claims "arising under the Fair Labor Standards Act." Given that the Opt-in and Claim Form only addresses opting in under the FLSA, the Opt in and Claim Form is inadequate to advise FLSA and California Class members how to properly make a claim.

In addition, such a claim form is unnecessary in this case. In Plaintiffs' original motion for preliminary approval, the parties did not require either FLSA or California Class members to fill out a claim form in order to receive payment. Rather, the original motion for preliminary approval provided that California Class members would automatically receive a settlement payment unless they opted out. *See* ECF No. 39 (Original Motion for Preliminary Approval). Such a procedure is consistent with Rule 23, and the Court's August 12, 2016 order identified no deficiencies with this procedure. *See* ECF No. 43.

At the August 29, 2016 hearing on Plaintiffs' amended motion for preliminary approval, Plaintiffs' counsel reaffirmed that counsel believe a claim form is unnecessary and that counsel prefer the procedure proposed in the original motion for preliminary approval. There are only 410 anticipated Class Members, all of whom are current or former SuperCamp employees and whose contact and employment information (e.g., work site location, job title, and camp sessions worked) are known to Defendant. Accordingly, the Court agrees that a claim form is not necessary. *See Deatrick v. Securitas Sec. Servs. USA, Inc.*, 2016 WL 729622, at *8 (N.D. Cal. Feb. 24, 2016) (questioning the necessity of a claim form when the defendant was the current and former employer of the class members, and thus had the information needed to determine each class member's share of the settlement). If the parties now believe that a claim form is necessary, the claim form must clearly explain both classes and the procedures to obtain payment. The Opt-in and Claim Form as currently proposed does not do so.

1  The confusion created by the Opt-in and Claim Form is exacerbated because the Notice itself does not clearly define the "California Class" or the "FLSA Class." The Notice must clearly define both classes and explain how members of each class may receive payment, including whether the class members must opt in or opt out of the settlement.[2] Until the Notice clearly defines the classes, their rights, and the procedure to seek payment, the Notice is not the best notice practicable under the circumstances.

Accordingly, the Court DENIES Plaintiffs' amended motion for preliminary approval without prejudice. The Court anticipates that the parties will be able to expeditiously address the concerns identified in this order. The parties shall file any further motion for preliminary approval by September 15, 2016. The motion shall be set for hearing at the Court's next available hearing date, but, in appreciation of the parties' efforts to address the Court's concerns, the Court will attempt to expedite the hearing to the extent possible.

**IT IS SO ORDERED.**

Dated: August 30, 2016

_____
LUCY H. KOH
United States District Judge

---

[2] The Court notes two additional deficiencies in the Notice. First, in Question 21 of the Notice, the final sentence could be read to state that it is not necessary for a class member to pay his or her own lawyer. The parties should clarify this sentence if possible. Second, the final sentence of the final paragraph of Question 1 appears to be missing a word.

6
Case No. 15-CV-05013-LHK
ORDER DENYING PRELIMINARY APPROVAL WITHOUT PREJUDICE